# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

UNITED STATES OF AMERICA,  )
            )
      **Plaintiff,**  )   **No. 3:18-CR-167**
            )   **Judges Crytzer/Poplin**
  **v.**          )
            )
**CHRISTINA ERIN MYERS,**  )
            )
      **Defendant.**  )

## **ORDER OF FORFEITURE**

On October 16, 2018, an Indictment [Doc. 3] was filed charging the Defendant,
CHRISTINA ERIN MYERS, with wire fraud in violation of 18 U.S.C. § 1343 (Count One), and
money laundering in violation of 18 U.S.C. § 1956 (Count Six) in addition to other counts.

In the forfeiture allegations of the Indictment [*Id.*], the United States sought forfeiture of
the interest of the Defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in
any property, real or personal, constituting or traceable to the proceeds of any violation of 18
U.S.C. § 1343 and pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in
or traceable to any violation of 18 U.S.C. § 1956.

On November 18, 2019, a Plea Agreement [Doc. 23] was filed, wherein Defendant
agreed to plead guilty to Counts One and Six of the Indictment, and pursuant to 18 U.S.C.
§§ 981(a)(1)(C), and 28 U.S.C. § 2461, agreed to forfeit her interest in any and all assets and
property, real or personal, constituting or traceable to the proceeds of any violation of 18 U.S.C.
§ 1343, and pursuant to 18 U.S.C. § 982(a)(1) of any and all assets and property, real or personal,

involved in the Defendant's violation of 18 U.S.C. § 1956. The Defendant agreed to a personal money judgment in favor of the United States in the amount of $518,000.[1]

On November 25, 2019, this Court accepted the guilty plea of the Defendant and by virtue of the guilty plea and conviction, and pursuant 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2(b), the United States is entitled to a money judgment as referenced below. Further, the United States has established the requisite nexus between the money judgment and the violations charged in Counts One and Six of the Indictment.

Federal Rule of Criminal Procedure 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Because no ancillary proceeding is required, it is appropriate to enter an order of forfeiture at this time, which will become final as to the Defendant at the time of sentencing.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     Based upon the conviction of Defendant for offenses in violation of 18 U.S.C. §§ 1343 and 1956, and pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2(b), the United States is entitled to:

**<u>Money Judgment</u>**

A personal money judgment in favor of the United States and against the Defendant, CHRISTINA ERIN MYERS, in the amount of $518,000.00 in U.S. currency, which represents the proceeds the Defendant personally obtained that constitute or are traceable to the offenses in violation of 18 U.S.C. §§ 1343 and 1956.

---

[1] The Indictment and Plea Agreement also contained forfeiture of cash in the amount of $7,242.57 and $24,500.00 which were seized from SouthEast Bank on July 27, 2018. Administrative Forfeiture of the cash amounts were completed on October 18, 2018 and are not included herein. An Amended Notice of Administrative Forfeiture (Doc. 13) was filed with this Court on December 28, 2018. The United States will not seek a Final Order of Forfeiture regarding these items.

2.     In accordance with Federal Rules of Criminal Procedure 32.2(b)(4)(A) and

(b)(4)(B) this Order of Forfeiture will become final as to the Defendant at the time of sentencing

and will be made part of the sentence and included in the Judgment.

3.     The United States may, at any time, move pursuant to Federal Rule of Criminal

Procedure 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to

exceed $518,000.00 to satisfy the money judgment in whole or in part.

4.     The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

5.     The Clerk of this Court shall provide a certified copy of this Order to the United

States Attorney's Office.

6.     Doc. 41, Motion for Entry of Order of Forfeiture, is MOOT.

ENTER:

_____
KATHERINE A. CRYTZER
United States District Judge

Submitted by:

FRANCIS M. HAMILTON III
Acting United States Attorney

By:     *s/Frank M. Dale, Jr.*
        FRANK M. DALE, JR.
        Assistant United States Attorney
        800 Market St., Suite 211
        Knoxville, TN 37931
        (865) 545-4167
        frank.dale@usdoj.gov
        D.C. Bar #454048

3